UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS TOOLEY,
an individual,

       Plaintiff,

vs.

BUCKINGHAM FOUNTAINS, LLC,
an Indiana Limited Liability Company,

       Defendant.

CASE NO.: 1:25-cv-2270

**COMPLAINT**

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues BUCKINGHAM FOUNTAINS, LLC, an Indiana Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair or walker depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, BUCKINGHAM FOUNTAINS, LLC, (hereinafter referred to as "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which is the subjects of this action, to wit: the "Property", or "Carmel Marketplace", generally located at 452-530 E Carmel Dr, Carmel, IN 46032 (also known as Carmel Parcel No.: 16-10-31-00-00-023-000).[2] Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza with numerous stores and restaurants, is open to the public and provides goods and services to the public.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.
[2] This lawsuit is not intended to assert any claims against the 502 East Event Center property which is a separate parcel.

10. Plaintiff MR. TOOLEY has visited the Property numerous times over the past two (2) years and attempted to utilize the goods and services offered at the Property because he enjoys the mix of stores located there and it is near friends and business associates in the area. Plaintiff last visited the Property in late October of 2025 and plans to return to the Property in the near future to shop and eat at the stores located there.

11. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12. MR. TOOLEY continues to desire to visit the Property for its mix of stores and restaurants, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

    A. Plaintiff encountered an inaccessible parking lot serving the Property due to an inadequate number of ADA parking spaces. Specifically, there are only three (3) intended ADA parking spaces provided for a lot of over 150 total spaces whereas at least six (6) ADA spaces are required for that amount. This issue made it difficult for Plaintiff to obtain a disabled use parking space on several occasions because they were already taken by other vehicles.

B. Plaintiff encountered two (2) intended ADA parking spaces near the FedEx Office at the Property which were not accessible due to a failure to identify the spaces with accessible signage. Additionally, the intended ADA parking space on the southwest corner of the Property is improperly identified because the sign is mounted well under 60 inches where it could be obstructed by parked vehicles. These issues made it difficult for Plaintiff to recognize and use the disabled use parking spaces and fails to discourage some able-bodied patrons from parking in those spaces.

C. Plaintiff encountered that all of the intended ADA parking spaces provided throughout the Property were inaccessible due to slopes in excess of 1:48, cracked pavement and other disrepair within the spaces and their access aisles. Additionally, each of the intended ADA spaces are obstructed by large built-up curb ramps which protrude into their access aisles causing slopes well in excess of 1:48. These conditions made it difficult and dangerous for Plaintiff to park in and safely utilize any of the disabled use parking spaces during his visits.

D. Plaintiff encountered an inaccessible curb ramp at the corner of The UPS Store due to a lack of smooth transitions and pavement in disrepair. Additionally, the curb ramp at the southwest corner of the Property contains excessive slopes, pavement in disrepair, is not flush with the sidewalk at the top of the ramp and as noted above, it protrudes into and obstructs the ADA parking space located there. Further, the curb ramp located near the FedEx

Office contains excessive slopes, is not flush with the sidewalk at the top of the ramp and protrudes into the ADA parking spaces/access aisle located there. These issues made it difficult and dangerous for Plaintiff to maneuver over the ramps throughout the Property using his wheelchair.

14. Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout. These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

15. Independent of his intent to return as a patron to the Property because he enjoys the mix of stores and restaurants located there and its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: November 6, 2025.

                                            Respectfully Submitted,

                             By:   *Louis I. Mussman*
                                     Louis I. Mussman, Esq.
                                     Bar No. 597155
                                     Ku & Mussman, P.A.
                                     18501 Pines Blvd, Suite 362
                                     Pembroke Pines, FL 33029
                                     Tel: (305) 891-1322
                                     Fax: (954) 686-3976
                                     Louis@KuMussman.com

                                     and

                                     Eric C. Bohnet, Esq.

                                                Attorney No. 24761-84
                                                Attorney at Law
                                                6617 Southern Cross Drive
                                                Indianapolis, Indiana 46237
                                                Tel: (317) 750-8503
                                                ebohnet@gmail.com